(No. 6858 )

ROSALIE FRAZIER, Individually, and ROSALIE FRAZIER as Mother, Next Friend and Natural Guardian of DEBBIE KAY FRAZIER, A Minor Child, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 13, 1972.*

HANAGAN, DOUSMAN AND GIAMANCO, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General, for Respondent.

BURKS, J.

## ORDER

### Denying Respondent's Motion to Dismiss and Granting Claimant leave to file an Amended Complaint

This matter is now before the court on respondent's motion to dismiss. Said motion was filed on September 19, 1972. We also have before us claimant's objections to said motion filed on September 25, 1972.

This court finds that respondent has correctly stated proper grounds for dismissal of this complaint under the rules of this court. However, claimant has submitted a reasonable explanation for the errors and omissions in the complaint as to certain required and essential allegations concerning the claim previously filed with the Industrial Commission and the award previously received by the claimant arising out of the same occurrence.

The court is satisfied, as stated in claimant's motion, that the said errors and omissions were wholly inadvertent, not intentional, and that claimant had no intent to seek a double recovery on a claim arising out of the same

occurrence. Respondent's motion to dismiss will be denied, and claimant will be granted leave to file an amended complaint in compliance with the rules of the Court of Claims. We particularly call claimant's attention to Para. A-4 of Rule 5 referred to in Para. 5 of respondent's motion. It appears from the pleadings that Aetna Casualty and Surety Company may, in effect, be the sole owner of this claim since any supplemental amount that might be awarded by this court would be subject to the lien of said company. The following explanation of the court's views on this point should be included in this order.

The court has in no way considered the merits of this claim. We have noticed that the complaint purports to state a cause of action against the respondent for wrongful death; and that it contains two separate counts asking $25,000 for the benefit of the decedent's widow and an additional $25,000 for the benefit of the decedent's minor child.

Section 2 of the wrongful death statute (*Ch. 70, Sec. 2, Ill.Rev.Stat., 1971,*) states that a wrongful death action "shall be brought by the personal representatives of the deceased person" and that "the amount recovered in such action shall be for the exclusive benefit of the widow *and* next of kin . . .". It further provides that the amount recovered in such action "shall be distributed by the court to each of the widow and next of kin . . . .". The statute obviously does not authorize a separate cause of action by the widow and by the next of kin. While the limitation on the amount of a judgment has been eliminated from the wrongful death act, the limitation in Sec. 8(d) of the Court of Claims Act was in effect on the date of decedent's death. Said section at that time imposed a limit of $25,000 on the amount of any award that may be granted by this court in any case sounding in tort.

Assuming that claimants could prove in this court that

they are entitled to the maximum award of $25,000, Sec. 26 of the Court of Claims Act states that "any recovery awarded by the court shall be subject to the right of set-off of an amount equal to the monies received from any other source".

Since claimants were previously awarded death benefits for the death of the decedent in the amount of $19,950 by the Illinois Industrial Commission on February 14, 1972 (No. 71 WC 27459), the set-off of this amount would reduce the maximum award possible by this court to $5,050. Said remaining amount apparently would be payable to Aetna Casualty & Surety Company in satisfaction of its lien against any award from a third party (the respondent) pursuant to Sec. 5(b) of the Workmen's Compensation Act (*Ch. 48, Sec. 138.5(b), Ill.Rev.Stat., 1971*). This is confirmed by Para. 7 of claimants' motion which reads in part as follows:

"Aetna Casualty & Surety Company, the Workmen's Compensation carrier for Culberson Construction Company, Inc., under Section 5(b) of the Illinois Workmen's Compensation Act, will have a lien in the amount of $19,950.00 on any recovery claimant is awarded under the case filed in the Court of Claims of the State of Illinois."

Section 25 of the Court of Claims Act requires the claimant to exhaust all other remedies and sources of recovery for the same injuries or for the wrongful death of a decedent before an award may be entered by this court. Then Section 26 requires the court to set-off the amount received from any other source from the amount of any award based on the same cause of action. These sections can only be interpreted to mean that an award by this court is not to be made in addition to, but exclusive of, any death benefits or other compensation otherwise payable by law.

This differs from Sec. 5(b) of the Workmen's Compensation Act which does not require the claimant to exhaust other remedies or causes of action he may have

against third parties who may also be legally liable for the same injury or for the wrongful death. If he does so, however, his employer's compensation carrier has a lien on the amount of the recovery from a third party as stated in claimants' motion.

IT IS HEREBY ORDERED that respondent's motion to dismiss be, and the same is, hereby denied.

IT IS FURTHER ORDERED that claimant be, and is hereby, granted leave to file an amended complaint in compliance with the rules of the court, and that said amended complaint shall be filed within thirty days from the date of this order.