229

(No. 86-CC-3357– 

COSTON PASCHAL and BUESING BROTHERS TRUCKING, INC., Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 2, 1990.*

*Order of dismissal filed March 18, 1991.*

GOLDBERG, FOHRMAN & WEISMAN, for Claimant Coston Paschal.

ROLAND W. BURRIS, Attorney General (EDWARD R. TELLING, Special Assistant Attorney General, of counsel), for Respondent.

OPINION

SOMMER, J.

This cause coming to be heard on the motion of the Respondent to dismiss, and the Court being fully advised in the premises,

Finds that the Claimant who was employed on a highway construction project was struck by a truck owned by Buesing Brothers Trucking, Inc. The Claimant's employer, Civil Constructors Inc. paid the Claimant the sum of $272,872.59 in workers' compensation. The Claimant has sued the trucking company in the circuit court and the State in the Court of Claims. The State bases its motion to dismiss on the principal that the workers' compensation received by the injured employee must be "set-off" from any award taken against the State, and since the Claimant has received more than $100,000.00, the claim should be dismissed.

Though this Claim may ultimately present a variety of issues to the Court, the issue before us now is whether workers' compensation awards are to be "set-off."

The most recent reported claim deciding the same issue, *Frazier v. State* (1972), 28 Ill. Ct. Cl. 80, which set-off a workers' compensation award, was decided under a somewhat different statute. At the time, this Court was directed to "set-off" recoveries from "any other source." In 1973, the words "any other source" were dropped and the statute now reads:

"There shall be but one satisfaction of any claim or cause of action and any recovery awarded by the Court shall be subject to the right of set-off. Ill. Rev. Stat., ch. 37, par. 439.24—6."

The requirement that this Court "set-off" recoveries from "any other source" obviously had the effect of staying the operation of the collateral source rule in the Court of Claims. In the circuit courts, the collateral source rule would be invoked to deny a set-off of workers' compensation payments, as they arise from an independent statutory source, the employer.

In *Sallee v. State* (1990), 42 Ill. Ct. Cl. 41, this Court has held that payments made by the Claimant's own

health insurance are not to be "set-off," but rather to be treated as in the circuit courts under the collateral source rule. Adopting the same logic as in *Sallee, supra,* this Court holds that workers' compensation payments are not to be "set-off," unless the employer has filed its lien as per the Workers' Compensation Act (Ill. Rev. Stat., ch. 48, par. 138.5), in which case the employer's lien can be satisfied from the award of the Claimant.

It is therefore ordered that the Respondent's motion to dismiss is denied.

## ORDER OF DISMISSAL

SOMMER, J.

This cause coming on to be heard on stipulation of the parties and the Court being fully advised in the premises,

It is hereby ordered, adjudged and decreed that the above entitled litigation, including all counterclaims, be dismissed with prejudice and in bar of further suit, all matters in controversy having been compromised and settled.