(No. 89-CC-0452—)

BERNADINO BRAVO, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order on motion to dismiss filed January 8, 1991.*

*Order on motion to dismiss filed June 19, 1991.*

LEWIS, DAVIDSON & HETHERINGTON, for Claimant.

NEIL F. HARTIGAN, Attorney General (GURION & LEWIS, by KURT OLSEN, Special Assistant Attorney General, of counsel), for Respondent.

## ORDER ON MOTION TO DISMISS

SOMMER, J.

This cause coming to be heard on the motion of the Respondent to dismiss and the Court being fully advised in the premises,

Finds that the Claimant was working on a highway construction project when he was injured. The Claimant's employer, a private contractor, has paid over $100,000.00 in workers' compensation payments to the Claimant. The Respondent has moved that this claim be dismissed as the Claimant has received over $100,000.00 "from other sources for the same incident."

This Court, in *Sallee v. State* (1990), 42 Ill. Ct. Cl. 41, has held that the collateral source rule applies in the Court of Claims as in the Circuit Courts. In *Paschal v. State* (1991), 43 Ill. Ct. Cl. 229, this Court held that monies received from workers' compensation are not to be "set-off" and that an injured person, who is not a State employee, may maintain an action for his injuries in this Court even if that person has received over $100,000.00 in workers' compensation from his employer.

The *Paschal* decision was filed in 1991, and the opinion appears in this volume at page 229, *supra*.

It is hereby ordered that the Respondent's motion to dismiss is denied.

## ORDER ON MOTION TO DISMISS

SOMMER, J.

This cause coming to be heard on the motion of the Respondent, State of Illinois, to dismiss, and the Court being fully advised in the premises;

It is hereby ordered that the Claimant's complaint is dismissed with prejudice pursuant to the Stipulation of the parties agreeing that the action has been fully settled, compromised, and adjourned.